```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                    CRIMINAL NO. 3:03-cr-135-WHB

**GREGORY JAMES**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant, Gregory James ("James") for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

On November 10, 2003, James pleaded guilty to one count of possession of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). On January 23, 2004, James was sentenced to a 148-month term of imprisonment, to be followed by 5 years of supervised release, and was ordered to pay a partial fine in the amount of $1,500 and a special assessment in the amount of $100. James's sentence was calculated from a base offense level of 32. He was granted a 3-level downward departure for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, resulting in a total offense level of 29. The total offense level, combined with a Criminal History Category V, resulted in a sentencing guideline range between 140 and 175 months. On February 18, 2005, on motion of the government, the Court granted James an additional 3-level downward departure in his base offense level under Rule 35 of the

Federal Rules of Criminal Procedure for having provided substantial assistance in the investigation and prosecution of other persons. The resulting total offense level of 26, combined with a Criminal History Category V, resulted in a sentencing guideline range between 110 and 137 months, and James was sentenced to a 116-month term of imprisonment.  James has now moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on recent changes to U.S.S.G. § 2D1.1, specifically Amendment 706 (as amended by Amendment 711), which lowers the sentencing range for certain cocaine base-related offenses.

> Under 18 U.S.C. § 3582:
>
> The court may not modify a term of imprisonment once it has been imposed except that –
>
>     ....
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) rests "in the sound discretion of the district judge." United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995)(citing United States v. Shaw, 30 F.3d 26, 28 (5th Cir.

1994)). When exercising his discretion, the district judge must "consider the sentence it would have originally imposed had the guidelines, as amended, been in effect at the time." Id. (citing U.S.S.G. § 1B1.10(b)). Specifically, U.S.S.G. § 1B1.10 provides:

> (b) Determination of Reduction in Term of Imprisonment.
>
> (1) In General. – In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). In the present case, had the amended Guidelines been applicable at the time James was sentenced, his base offense level would be 30, his total offense level (allowing the 3-level downward departure for acceptance of responsibility, and the 3-level downward departure under Rule 35) would be 24, and his sentencing guideline range would be 92-115.

When determining whether to reduce a sentence under 18 U.S.C. § 3582(c)(2), the Court must also consider the factors set forth in 18 U.S.C. § 3553(a), which include:

> the nature and the circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant; the kinds of sentences available; any pertinent Guidelines policy statement; and the need to

3

>avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct.

Whitebird, 55 F.3d at 1009 (citing 18 U.S.C. § 3553(a)).  See also U.S.S.G. § 1B1.10 cmt. 1(B)(i).  Finally, the Court is instructed to consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and the "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment."  U.S.S.G. § 1B1.10 cmt. 1(B)(ii) & (iii).

In the present case, the record shows that James had engaged in criminal activity before his most recent conviction as evidenced by his Criminal History Category V.  The record also shows that during the time he has been incarcerated, James has been sanctioned for being in an unauthorized area, being in an unauthorized area with a member of the opposite sex, possessing unauthorized items, making false statements, destroying property, being absent from assignment, and engaging in sexual acts by masturbating in front of female staff members. See Resp. to Mot. for Reduction in Sentence [Docket No. 37], Ex. A.  James does not dispute or otherwise attempt to explain the above cited post-conviction conduct.  The Court finds, based on James's prior criminal history and his post-conviction conduct, that his current sentence should not be reduced under 18 U.S.C. § 3582(c)(2).

**Conclusion**

For the forgoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motions for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 36] is hereby denied.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this Opinion and Order to Defendant at his last known address.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this Opinion and Order to the United States Department of Probation for the Southern District of Mississippi.

SO ORDERED this the 25th day of June, 2008.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
